CAROLYN NEWTON, Plaintiff and Counterdefendant-Appellee and Cross-Appellant, v. ROSEMARY AITKEN *et al.*, Defendants and Counterplaintiffs-Appellants and Cross-Appellees (Veerasikka Bommiasamy, Plaintiff; Edward S. Smith *et al.*, Defendants).

Second District   No. 2—93—0360

Opinion filed May 4, 1994.—Rehearing denied June 1, 1994.

John E. Passarelli, of Elk Grove Village, for appellants.

Joseph Gottemoller, of Madsen, Sugden & Gottemoller, of Crystal Lake (Emmanuel F. Guyon, of counsel), for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Drs. Carolyn Newton and Veerasikka Bommiasamy, sued defendants, Rosemary Aitken and Frank Furch, for an accounting and for fraud. The suit arose from two contracts among the parties and others which contemplated joint ownership and use of a property in Mundelein, Illinois, known as Morningside Island, and a property in Chicago, Illinois, located at 6150 North Hamilton. Defendants countersued plaintiff Newton (hereinafter plaintiff) for breach of contract. Neither plaintiff Bommiasamy, nor defendants Smith and Smith, nor the Hamilton Street property is involved in this appeal.

The trial court ordered rescission of the contract between plaintiff and defendants and restitution by defendants to plaintiff of all monies paid under the provisions of the contract. The parties agree that rescission is the appropriate remedy, but both sides appeal the trial court's calculation of restitution.

In addition, defendants contend that they are entitled to damages for breach of contract. Plaintiff further contends that the trial court erred in (1) finding insufficient proof of fraud and breach of fiduciary duty; (2) denying her an accounting; (3) failing to impose a constructive trust upon defendants; and (4) failing to accord plaintiff the status of "owner" of property interests. She also contends that defendants failed to comply with the Illinois Real Estate Time-Share Act (Time-Share Act) (765 ILCS 100/1 et seq. (West 1992)).

Initially defendants contend, and we agree, that plaintiff has waived many of the issues she presents. Plaintiff's complaint sought an accounting and damages for fraud. At trial she raised the issue of fiduciary duty and sought several remedies not pleaded, including constructive trust, contract reformation, and a declaratory judgment. This court has held: "It is a fundamental rule, with no exceptions, that a party must recover, if at all, on and according to the case [she] has made for [herself] by [her] pleadings." (Broberg v. Mann (1965), 66 Ill. App. 2d 134, 137-38.) Plaintiff never sought to amend her pleadings as to these issues, and therefore they are not properly before this court.

On appeal she adds further claims of violation of the Time-Share Act and breach of contract. Plaintiff failed to plead or present these claims before the trial court and therefore has waived them. Points raised for the first time on appeal do not merit consideration. *Britamco Underwriters, Inc. v. J.O.C. Enterprises, Inc.* (1993), 252 Ill. App. 3d 96, 99.

■ Rescission of a contract refers to cancellation of the contract so as to restore the parties to the status quo *ante*, the status before the contract. (*Puskar v. Hughes* (1989), 179 Ill. App. 3d 522, 528.) "Rescission is an equitable remedy, the application of which is left largely to the discretion of the trial court. [Citation.] A reviewing court will not disturb that decision unless it clearly resulted from an abuse of discretion." (*Klucznik v. Nikitopoulos* (1987), 152 Ill. App. 3d 323, 327; *Felde v. Chrysler Credit Corp.* (1991), 219 Ill. App. 3d 530, 539.) A court may award rescission where there is material breach, fraud, or mutual agreement. (*Mor-Wood Contractors, Inc. v. Ottinger* (1990), 205 Ill. App. 3d 132, 142.) The material breach in this sense refers to a breach with regard to a matter "of such a nature and of such importance that the contract would not have been made without it." *Felde*, 219 Ill. App. 3d at 539.

■ In the present case, the trial court based its decision to award rescission on its findings that (1) plaintiff had materially breached the contract by nonpayment, and (2) the parties would not have contracted if plaintiff's nonpayment had been anticipated. The court further considered that neither party desired to continue the contract and that division of the property would be impractical. Under these circumstances, we find no abuse of discretion and therefore affirm the trial court's order of rescission.

The remedy of rescission contemplates voiding the contract as if it had never existed, returning the parties to their precontract status. (*Puskar*, 179 Ill. App. 3d at 528.) A court will not grant rescission of a contract where the status quo *ante* cannot be restored. *Klucznik*, 152 Ill. App. 3d at 328.

In the present case, the court ordered defendants to pay restitution to plaintiff in the amount of $47,461, the total amount she paid into the real estate venture over the duration of the contract. Plaintiff contends that she is further entitled to interest on the amount she paid in, as well as a proportionate share of the increase in the value of the property. Defendants contend that the trial court failed to account for the benefits derived by plaintiff during the duration of the agreement and that they are entitled to the interest on the monies they expended to cover plaintiff's nonperformance.

Hearkening back to July 1986, before the contract was formed,

plaintiff had her money: $47,461. Defendants had their property, free of any obligation to plaintiff. The trial court's order returns to each what he or she had before the contract, and nothing more.

The remedy of rescission generally requires each party to return to the other the value of the benefits received under the rescinded contract. (*Finke v. Woodard* (1984), 122 Ill. App. 3d 911, 919.) Both parties rely on *Finke*, arguing that the trial court failed to require the return of the value of the benefits received. This argument, however, as applied to the present case, ignores the equitable and discretionary nature of the remedy of rescission. The trial court returned the parties to their precontract status, returning to each her own. We find no abuse of discretion in this distribution.

■ Next, although defendants agree that rescission is the appropriate remedy here, they contend that they are also entitled to damages for breach of contract. Rescission, as we have indicated, is an equitable remedy. (*Klucznik*, 152 Ill. App. 3d at 327.) An equitable remedy is not available where there is an adequate remedy at law. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1021.) Defendants claim that because the trial court found that plaintiff breached the contract, they are entitled to damages. Although the court did find a breach, it also found suspect conduct on the part of·defendants, and it found injustice in sending plaintiff away without compensation. Thus, the court found the remedy at law inadequate. Again, under these circumstances we find no abuse of discretion.

Furthermore, a remedy based on a theory of disaffirmance of a contract (rescission) is inconsistent with a remedy arising out of its affirmance (*e.g.*, damages). (*Herrington v. McCoy* (1982), 105 Ill. App. 3d 527, 531.) Both parties in the present case contend simultaneously that rescission is the appropriate remedy and that they are entitled to other relief consistent with affirmance of the contract. The election of either remedy is an abandonment of the other. (*Herrington*, 105 Ill. App. 3d at 531.) To award both remedies would be inappropriate, as they are inconsistent. See *Cala v. Gerami* (1985), 137 Ill. App. 3d 936, 939.

■ Plaintiff next contends that the manifest weight of the evidence contradicts the trial court's finding of no fraud. In order to prevail in an action for fraud, a plaintiff must prove (1) a false statement of a material fact; (2) knowledge or belief of falsity by the party making it; (3) intention to induce the other party to act or refrain from acting; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. (*HPI Health Care Services, Inc. v. Mt.*

*Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 165; *Board of Education v. A,C&S, Inc.* (1989), 131 Ill. 2d 428, 452.) Fraud must be proven by clear and convincing evidence. (*In re Application of Rosewell* (1985), 106 Ill. 2d 311, 318-19.) Whether a plaintiff has proven these elements is a question of fact for the trier of fact, whose findings will not be disturbed unless against the manifest weight of the evidence. *Brown v. Broadway Perryville Lumber Co.* (1987), 156 Ill. App. 3d 16, 23.

Plaintiff contends that the trial court made no specific findings of fact, and therefore this court must examine the matter *de novo*. The record, however, does not support this contention. In its judgment order, the trial court stated that it would "refrain from engaging in what would necessarily be an extremely lengthy recital of the facts which gave rise to the present dispute." The court went on, however, to find with specificity that (1) plaintiff Bommiasamy had failed to prove misrepresentation by defendants; (2) both plaintiffs had failed to demonstrate justifiable reliance upon whatever representations defendants had made; (3) both plaintiffs had ample opportunity to review the agreement before signing; and (4) plaintiff Newton had failed to provide written notice or to obtain two appraisals, as required by the agreement's withdrawal procedure. Based on these findings, the trial court surmised that plaintiff had failed to prove fraud on the part of defendants.

In its modified judgment order, the trial court specifically found that (1) plaintiffs and defendants had entered into a valid contract; (2) defendants had exhibited suspect behavior which did not rise to the level of breach; (3) plaintiff had materially breached the contract by failing to tender payments in 1990; (4) neither party desired to continue the contract; (5) division and apportionment would be impractical; and (6) the only equitable remedy under the circumstances would be rescission. Based on these additional findings, the court held that plaintiff had failed to prove fraud and that rescission was appropriate.

Plaintiff lists in her reply brief, as she listed to the trial court, a plethora of instances which she alleges amount to fraud. She fails, however, to present any evidence that she had any right to rely on defendants' representations.

"In determining whether reliance is reasonable, courts look to all the relevant circumstances surrounding the alleged misrepresentation. [Citation.] Generally, it is only where parties do not have equal knowledge or means of obtaining knowledge of the facts which are allegedly misrepresented that a person may justifiably rely on them. [Citation.] A person may not enter into a transaction with his eyes closed to available information and then charge

that he has been deceived by another." *Seefeldt v. Millikin National Bank* (1987), 154 Ill. App. 3d 715, 719.

*In re Rehabilitation of Centaur Insurance Co.* (1992), 238 Ill. App. 3d 292, 301, *aff'd on other grounds* (1994), 158 Ill. 2d 166.

The question of a plaintiff's right to rely on a misrepresentation is answered by viewing the statements "in light of all the facts of which plaintiff had actual knowledge as well as those of which she might have availed herself by exercise of ordinary prudence." (*Centaur*, 238 Ill. App. 3d at 301.) The case of *Seefeldt v. Millikin National Bank* is instructive here. In *Seefeldt*, the plaintiffs alleged that the defendant had defrauded them by convincing them to replace certain parties as guarantors of a loan in connection with a real estate venture. (*Seefeldt*, 154 Ill. App. 3d at 717.) The court found that the information regarding the present value and future marketability of the property was equally accessible to the plaintiffs as to the defendant, so that the plaintiffs could have availed themselves of the information by ordinary prudence. (*Seefeldt*, 154 Ill. App. 3d at 724.) The court held that under these circumstances the plaintiffs had unreasonably relied upon the defendant's representations as to these matters. *Seefeldt*, 154 Ill. App. 3d at 724.

In the present case, the trial court found that plaintiff had access to the same records and documents to which defendants had access. She either knew, or could have learned through ordinary prudence, all that defendants knew. She therefore had no right to rely on any representation of defendants with regard to the venture. As plaintiff has failed to demonstrate reasonable reliance on defendants' alleged misrepresentations, we find no error in the trial court's determination in favor of defendants on the issue of fraud.

■ Finally, plaintiff alleges an abuse of discretion in the denial of her request for an accounting. Generally, to obtain an accounting, a plaintiff must establish the existence of a fiduciary relationship between her and the person required to account, a need for discovery, and the existence of mutual accounts which are of a complex nature. (*Couri v. Couri* (1982), 103 Ill. App. 3d 445, 448.) We have held that an order for an accounting is within the court's discretion, and the right to an accounting is not absolute. *Ferrara v. Collins* (1983), 119 Ill. App. 3d 819, 822.

Under Illinois law, a fiduciary relationship exists between partners and joint venturers, thereby requiring them to act with good faith and loyalty toward one another. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 495.) In the present case, the court found that a fiduciary relationship did exist among the parties, but that plaintiff's blind reliance upon defendants' representations was unreasonable,

and plaintiff had full access to all pertinent records and documents. The record before this court supports these findings. Under these circumstances, we find no abuse of discretion in the trial court's denial of plaintiff's request for an accounting.

For the foregoing reasons, we affirm the order of the circuit court of Lake County rescinding the contract between the parties, denying contract damages to either party, finding defendants not liable for fraud, and denying plaintiff an accounting or constructive trust.

Affirmed.

McLAREN and GEIGER, JJ., concur.