No. 2--96--0788 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

ARTRA GROUP, INC., ) Appeal from the Circuit Court

          ) of Du Page County.

Plaintiff-Appellant, )

) No. 93--L--2198

v. )            

)

SALOMON BROTHERS HOLDING ) 

COMPANY, INC.; SALOMON BROTHERS, ) 

INC.; DONALD P. KELLY; CHARLES  )  

R. BOBRINSKOY; JAMES L. MASSEY; )

WILLIAM RIFKIND; and MICHAEL J. )

ZIMMERMAN,                      )

                                )

Defendants         ) Honorable                 

                                )  Michael R. Galasso and

(D.P. Kelly And Associates,  )  Hollis L. Webster, 

L.P., Defendant-Appellee).      )  Judges, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, ARTRA Group, Inc., appeals the dismissal of its claim alleging that the defendant, D.P. Kelly and Associates (DPK), breached its fiduciary duty to the plaintiff.  The parties were involved in an alleged joint venture for the purpose of performing a leveraged buy out of Envirodyne Industries, Inc. (Envirodyne), along with the other named defendants.  However, DPK is the only defendant who is a party to this appeal.  We affirm. 

The following facts are taken from the pleadings.  In 1988 the plaintiff owned interests in several companies, including Envirodyne, a publicly traded food packaging and supplies company. The plaintiff held 4.86 million, approximately 26%, of the shares in Envirodyne.  In 1988, Envirodyne had annual sales in excess of $480 million and a pretax profit of $75,137,000.  The plaintiff retained Salomon Brothers, Inc. (Salomon), to act as its agent and advise and represent the plaintiff either in acquiring complete ownership of Envirodyne or liquidating its interest in the company.

Early in 1989, the plaintiff identified the defendant as a potential partner in a leveraged buy out of Envirodyne.  The plaintiff believed the defendant provided management expertise necessary for a successful leveraged buy out.  The defendant and Salomon decided to pursue the acquisition of Envirodyne through a cash tender offer of its outstanding stock.  Salomon proposed the creation of an entity to purchase all of Envirodyne's stock in a leveraged buy out. Salomon formed the Emerald Acquisition Corporation (Emerald), of which it was the sole shareholder.  Emerald, through its subsidiary "Emerald Sub One," would buy the outstanding stock in a tender offer.  

In early 1989, Salomon, the defendant, and the plaintiff negotiated the details of how Emerald would buy the plaintiff's Envirodyne stock.  The plaintiff alleged that the defendant and Salomon orally agreed to prepare cash-flow projections and perform "due diligence."  The plaintiff also alleged that, several weeks later, Salomon informed the plaintiff that the cash-flow projections and "due diligence" had been properly performed.  The plaintiff alleged that the defendant performed these acts unreasonably and improperly.  The defendant acknowledged that it performed "due diligence" and prepared cash-flow projections along with Salomon, but maintains that it performed these tasks properly and only for its own benefit.  Further, the defendant alleged that it neither had a fiduciary duty of care nor breached the duty, if it existed.

On March 19, 1989, the plaintiff, the defendant, and Salomon entered into a series of agreements to proceed with the Envirodyne transaction.  The parties agreed that Emerald would purchase 2,955,000 shares of Envirodyne stock from the plaintiff; and the plaintiff would receive $75 million in cash, which would be used to purchase $20.9 million of Emerald subordinated debt and 27.5% of Emerald common stock.  After completion of the transactions, Emerald became the parent company of Envirodyne, with Salomon as an approximately 62.5% shareholder, the defendant as a 10% shareholder, and the plaintiff as a 27.5% shareholder.

In January 1993, Envirodyne filed for chapter 11 bankruptcy protection in federal court.  As a result of the bankruptcy and reorganization plan, the Emerald subordinated debt and common stock the plaintiff received in exchange for its Envirodyne stock became worthless, and the plaintiff lost approximately $136.2 million.

On March 10, 1995, the plaintiff filed its third amended complaint against the defendant and Salomon.  Count V alleged that the plaintiff and the defendant were joint venturers.  It further alleged that, as joint venturers, the defendant owed the plaintiff a fiduciary duty of care to the plaintiff and that the defendant breached its duty.  Judge Michael Galasso granted the defendant's motion to dismiss count V of the plaintiff's third amended complaint with prejudice pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 1994)).  The trial court granted the plaintiff leave to file an amended complaint which did not allege a breach of fiduciary duty.  On July 19, 1995, the plaintiff filed a fourth amended complaint.  Count V realleged a breach of fiduciary duty, count VI alleged breach of contract, and count VII alleged promissory estoppel.  On June 4, 1996, Judge Hollis Webster granted the defendant's motion for summary judgment on counts VI and VII and held that all prior orders were final and appealable.  On July 2, 1996, the plaintiff filed a notice of appeal.

The plaintiff appeals only the trial court's decision to grant the defendant's motion to dismiss count V of the plaintiff's third amended complaint for breach of fiduciary duty against the defendant.  The defendant argues that it owed no duty to the plaintiff because they were not joint venturers.  The defendant further argues that, even if they are joint venturers, the plaintiff failed to allege sufficient facts to establish that the defendant breached a duty owed to the plaintiff. 

The standard guiding our review of the trial court's decision to grant the defendant's section 2--615 motions (735 ILCS 5/2--615 (West 1994)) is clear.  Section 2--615 of the Code of Civil Procedure provides for dismissal based on defects in the pleadings in that the complaint is "substantially insufficient in law."  735 ILCS 5/2--615(a) (West 1994).  On review of a section 2--615 dismissal, we must determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115 (1995); 
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1083 (1994).  A trial court may not grant a section 2--615 motion "unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover."  
Mt. Zion State Bank
, 169 Ill. 2d at 115.  In ruling on the motion, the trial court may only consider facts which are apparent from the pleadings, matters of which the court may take judicial notice, and judicial admissions contained in the record.  
Mt. Zion State Bank
, 169 Ill. 2d at 115. 

It is well settled that partnership law governs joint ventures.  
In re Johnson
, 133 Ill. 2d 516, 526 (1989); 
Japczyk v. Gust K. Newberg Construction Co.
, 224 Ill. App. 3d 325, 328 (1991).  Partners owe a fiduciary duty to each other.  
 
McSweeney v. Buti
, 263 Ill. App. 3d 955, 959 (1994).  Thus, joint venturers owe a fiduciary duty to each other.  
Burtell v. First Charter Service Corp.
, 76 Ill. 2d 427, 437 (1979); 
Newton v. Aitken
, 260 Ill. App. 3d 717, 722 (1994).  The duties of a fiduciary are those of loyalty, good faith (
Newton
, 260 Ill. App. 3d at 722), and honesty (
Borys v. Rudd
, 207 Ill. App. 3d 610, 620 (1990)).  However, a partner may not be held liable to another partner for the loss of property unless the loss was caused by a partner's "willful disregard of duty."  
Snell v. DeLand
, 136 Ill. 533, 538 (1891).  Thus, "partnership losses occasioned by a partner's poor judgment or mistakes of judgment will be borne by the partnership so long as the decision does not involve fraud, illegality, or conflict of interest."  
Borys
, 207 Ill. App. 3d at 620. 

In the instant case, the plaintiff alleged in count V of its third amended complaint:

"[The defendant] breached its [fiduciary] duty of due care to [the plaintiff] by making unreasonably optimistic future cash flow projections and failing to properly conduct due diligence of Envirodyne."

More specifically, the plaintiff alleged:

"Salomon and [the defendant] also did not disclose that their projections of Envirodyne's future financial condition made a number of significant assumptions about Envirodyne's future prospects which were unreasonably optimistic.  These included assumptions that: (1) the sales revenues of Envirodyne's subsidiary Viskase would increase annually at rates that were unreasonably high given the market share already held by Viskase; (2) Envirodyne's subsidiary Clearshield would not be subject to fluctuations in raw material prices; (3) Envirodyne's corporate overhead would not increase significantly; (4) Envirodyne could achieve significant savings in the cost of goods sold; (5) Envirodyne's capital expenditures could be reduced; (6) Envirodyne's research and development expenditures could be reduced; and (7) Envirodyne's working capital could be increased by delaying payment of payables and accelerating the collection of receivables."

Taken in a light most favorable to the plaintiff, the allegations fail to establish that the defendant's actions amount to anything more than poor business judgment.  Without more, an exercise of poor business judgment does not constitute a breach of a fiduciary duty.  
Borys
, 207 Ill. App. 3d at 620.  The plaintiff does not allege facts that would establish that the defendant knowingly misrepresented Envirodyne's financial condition, engaged in illegal activity, or purposefully benefitted at the expense of the joint venture.  Thus, the plaintiff has failed to "sufficiently set forth a cause of action on which relief may be granted."  
T&S Signs
, 261 Ill. App. 3d at 1083.  Accordingly, the trial court properly dismissed count V of the plaintiff's third amended complaint.  See 735 ILCS 5/2--615 (West 1994).

The plaintiff cites 
Marcus v. Green
, 13 Ill. App. 3d 699, 710 (1973), for the proposition that it was merely required to allege that the defendant was culpably negligent.  However, this proposition is not controlling in this case.  The plaintiff fails to cite to an Illinois case which defines this term, and we have not uncovered an Illinois case which defines this term.  Further, 
Marcus
' citation to 
Snell v. DeLand
 for the proposition is erroneous.  
Marcus
, 13 Ill. App. 3d at 710.  
Snell
 does not contain the term "culpable negligence."  Instead, 
Snell
 states that a partner "can only be held for a loss of property when such loss occurs from a willful disregard of duty."  
Snell
, 136 Ill. at 538.  We acknowledge that 
Marcus
 cites to two treatises for the proposition, however; treatises, unsupported by case law, are not binding on this court.  
Because the first district is the only district to hold that a partner may be liable to another partner for "culpable negligence" and the holding conflicts with our supreme court's decision in 
Snell
, we are not bound by 
Marcus
.  
Jachim v. Townsley
, 249 Ill. App. 3d 878, 882 (1993). 

We also note that, because we have decided that the plaintiff failed to establish that the defendant breached its fiduciary duty, we need not address whether the parties were, in fact, joint venturers.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and INGLIS, J., concur.