2021 IL App (1st) 192258-U

FOURTH DIVISION
June 24, 2021

No. 1-19-2258

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| ERIC KASANG and CHRISTINA KASANG, | ) Appeal from the<br>) Circuit Court of<br>) Cook County<br>) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) No. 18 L 12206 |
| | ) |
| BEATA GRZESIK and<br>MOM THE BUILDER, INC., | ) |
| | ) |
| | ) Honorable |
| Defendants, | ) Jerry A. Esrig, |
| | ) Judge Presiding. |
| (Grange Mutual Casualty Company, | ) |
| | ) |
| Intervenor-Appellee). | ) |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Affirming the judgment of the circuit court of Cook County where *res judicata* barred plaintiffs' negligent misrepresentation claim.

¶ 2    After plaintiffs, Eric and Christina Kasang, obtained a final judgment against defendants,

Beata Grzesik (Grzesik) and Mom the Builder, Inc. (Mom the Builder) for their intentional

misrepresentation in a real estate disclosure report, plaintiffs filed a new action for negligent misrepresentation against the same defendants based on the same facts. Defendants' insurer, Grange Mutual Casualty Company (insurer), intervened in the new action and filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)).[1] The circuit court granted the insurer's motion. Plaintiffs now appeal, arguing that the circuit court's dismissal of their negligent misrepresentation action was in error. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      The underlying controversy arose from a real estate transaction. Plaintiffs purchased a home from defendant Grzesik, president and CEO of defendant Mom the Builder. Prior to closing, Grzesik, in her personal capacity and as agent of Mom the Builder, provided plaintiffs with a residential real property disclosure report indicating that she was not aware of flooding problems in the basement. After closing, the basement flooded repeatedly, and plaintiffs were forced to evacuate and rent a second home.

¶ 5                                  The Initial Action

¶ 6      Plaintiffs filed a complaint and an amended complaint in the chancery division. The amended complaint alleged a violation of the Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 *et seq.* (West 2012)), contract rescission, breach of implied warranty of habitability, and in the alternative, negligent misrepresentation. The chancery division then transferred plaintiffs' complaint to the law division. After the complaint was transferred, plaintiffs moved to voluntarily dismiss the complaint, including their negligent misrepresentation claim, and the circuit court in the law division granted the motion.

---

[1] In its motion, the insurer did not specify under which subsection it moved to dismiss. As explained below, it is clear the insurer moved pursuant to 735 ILCS 5/2-619(a)(4), (a)(9) (West 2016).

¶ 7    Then, after multiple amendments, plaintiffs refiled in the chancery court their operative complaint without the negligent misrepresentation claim. This complaint alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/12 *et seq.* (West 2012)), a violation of the Disclosure Act, common law fraud, breach of implied warranty of habitability, and in the alternative, contract rescission for a material mistake of fact. For each count, the complaint requested that the circuit court rescind the real estate contract.

¶ 8    After a bench trial, the chancery court found in favor of plaintiffs on all counts, ordering defendants pay a rescission award to return plaintiffs to the status quo and that plaintiffs return the property back to defendants upon payment. The chancery court further ordered defendants to pay punitive damages. The judgment was later affirmed by this court. See *Kasang v. Grzesik*, 2018 IL App (1st) 163100-U (unpublished pursuant to Illinois Supreme Court Rule 23).

¶ 9    After the bench trial, defendants' insurer, Grange Mutual, filed a declaratory judgment asking the chancery court to declare that the insurer was not required to indemnify defendants for the court's judgment. In response, plaintiffs filed an answer, affirmative defense, and counterclaim, which alleged one count of negligent misrepresentation against defendants. The chancery court then ordered that the counterclaim be transferred to the law division.

¶ 10                    The Subsequent Action

¶ 11    Plaintiffs' negligent misrepresentation claim was transferred to the law division, establishing the subsequent action and instant case on appeal. Plaintiffs' negligent misrepresentation claim was against the same defendants based on the same set of operative facts. Specifically, this claim alleged that Grzesik had falsely indicated in the disclosure report that she was not aware of any flooding problems in the basement and that defendants were "careless and negligent in ascertaining the truth of their Answer." Plaintiffs requested a judgment

equal to their damages, including their purchase of the home "for a grossly inflated price."

¶ 12    In this new action, the insurer filed a petition to intervene, and over plaintiffs' objection, the circuit court granted the petition. The insurer then filed a motion to dismiss plaintiffs' claim pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)), arguing that the doctrine of judicial estoppel prevented plaintiffs from alleging that Grzesik engaged in negligent conduct since that position was inconsistent with their position in the initial action that Grzesik engaged in intentional conduct. Although the insurer did not specify under which subsubsection it moved to dismiss, as to its judicial estoppel argument, it is clear that the insurer moved to dismiss under subsection (a)(9) on the ground that "the claim asserted against the defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). In the alternative, the insurer argued that the doctrine of *res judicata* barred plaintiffs' claim, and with this argument, the insurer moved under subsection (a)(4) on the ground that "the cause of action is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2016). Finally, the insurer asserted that plaintiffs' claim was simply an attempt to obtain insurance coverage as "presumably, the Kasangs have now realized that [the chancery court's] findings are inconsistent with coverage under [the insurance] policy."

¶ 13    In response, plaintiffs argued that alleging negligent misrepresentation was consistent with alleging intentional consumer fraud. Plaintiffs also argued that *res judicata* did not apply as no part of their action went to a final judgment on the merits before they voluntarily dismissed their claims in the law division. In addition, plaintiffs argued that they could receive additional relief as plaintiffs had not yet received the full rescission award from defendants and could not give defendants their property back. As defendants had not been able to pay the rescission award, plaintiffs asserted that they were forced to file their negligent misrepresentation claim to recover

legal damages from their "purchase of the flood-prone property at a grossly inflated price."

¶ 14　　In its reply, the insurer argued that plaintiffs may not file a separate lawsuit alleging the same facts, against the same parties, for the same damages, merely because they cannot fully recover a judgment. The insurer noted that plaintiffs may pursue other legal recourse to execute a judgment. The insurer further argued that since plaintiffs had already received a judgment for the full amount of money, any additional relief would be a windfall to them. Finally, the insurer reiterated that *res judicata* barred plaintiffs' refiled action.

¶ 15　　While the motion to dismiss was pending, plaintiffs filed a motion for partial summary judgment on their negligent misrepresentation claim, arguing that collateral estoppel barred the parties from relitigating defendants' liability and certain damages awarded to plaintiffs. The insurer responded that plaintiffs were arbitrarily applying collateral estoppel: "[p]laintiffs claim the issue of liability should not be relitigated, yet they want to relitigate the issue of some (but not all) of their damages even though the issue of damages, including punitive damages, was already fully adjudicated in the prior lawsuit." In its reply, plaintiffs argued that they were not arbitrarily applying collateral estoppel as to certain damages since they "simply have no opportunity to seek estoppel on the remaining damage issue present here of reduced home value, where that damage issue was never decided in the prior rescission action."

¶ 16　　In a written order, the circuit court granted the insurer's motion to dismiss, finding that plaintiffs were judicially estopped from alleging negligent misrepresentation, and the court denied plaintiffs' partial summary judgment motion as moot. Plaintiffs then filed a motion to reconsider, which the circuit court denied. The circuit court found that its original basis for granting the insurer's motion to dismiss was correct and that *res judicata* was an independent basis to deny plaintiffs' motion to reconsider. The circuit court further ordered that the case

remained dismissed with prejudice and that "plaintiffs are now precluded from asserting different theories or seeking additional relief for claims arising out of the same constellation of facts that were previously tried." This appeal follows.

¶ 17                                    ANALYSIS

¶ 18    On appeal, plaintiffs maintain that the circuit court erred in dismissing their complaint. The motion to dismiss at issue here raised two separate issues: that plaintiffs' negligent misrepresentation claim was barred by *res judicata* and that it was similarly barred by judicial estoppel.  For the reasons which follow, we conclude that the doctrine of *res judicata* bars plaintiffs' claim and thus need not address the judicial estoppel claim.

¶ 19    Pursuant to 735 ILCS 5/2-619(a)(4) (West 2016), a party may move to dismiss a complaint on the ground that "the cause of action is barred by a prior judgment." Further, a section 2-619 motion "admits well-pleaded facts but does not admit conclusions of law and conclusory factual allegations unsupported by allegations of specific facts." *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 21. When considering a dismissal under section 2-619, we must determine whether the existence of a genuine issue of material fact should have precluded the dismissal or whether dismissal is proper as a matter of law. *Id.* We review the section 2-619 dismissal of plaintiffs' claim *de novo*, which means that we perform the same analysis that a trial judge would perform. *Elam v. O'Connor & Nakos, Ltd.*, 2019 IL App (1st) 181123, ¶ 23. Under a *de novo* standard of review, we need not defer to the circuit court's reasoning and may affirm on any basis supported by the record. *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 13.

¶ 20    Under *res judicata*, "a final judgment on the merits rendered by a court of competent jurisdiction bars a subsequent action between the same parties or their privies involving the same

cause of action." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21. Critically, *res judicata* bars not only claims decided in the first action but also claims that could have been decided in that action. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 44. For *res judicata* to apply, there must be (1) a final judgment on the merits, (2) an identity of causes of action, and (3) an identity of parties. *Nelson v. Chicago Park District*, 408 Ill. App. 3d 53, 60 (2011).

¶ 21　Here, plaintiffs filed a complaint in the chancery court, which was then transferred to the law division. Plaintiffs then voluntarily dismissed their complaint, which included their negligent misrepresentation claim, and in the chancery court, they refiled their action without the negligent misrepresentation claim. Plaintiffs proceeded to trial, and the chancery court found in favor of plaintiffs on all counts, ordering defendants to pay a rescission award and punitive damages. Thereafter, plaintiffs filed a new action against defendants alleging negligent misrepresentation.

¶ 22　Thus, all three requirements of *res judicata* are satisfied: first, there was a final judgment on the merits in the initial action; second, the causes of action are the same since both rely on the same set of operative facts; and third, the parties in both actions are the same.

¶ 23　First, the chancery court's judgment following the trial was a final judgment on the merits. A judgment is on the merits when it decides the parties' rights and liabilities (*SDS Partners, Inc. v. Cramer*, 305 Ill. App. 3d 893, 896 (1999)), and a judgment is final when it terminates litigation on the merits such that the only thing left to do is execute the judgment. *People v. Brown*, 2017 IL App (2d) 160971, ¶ 23. Thus, the chancery court's judgment was on the merits as it found for plaintiffs on all counts and ordered defendants to pay a rescission award and punitive damages. See *SDS Partners, Inc.*, 305 Ill. App. 3d at 896. Further, the judgment was final as the only thing left to do under the adjudicated chancery claim was to execute the

judgment. See *Brown*, 2017 IL App (2d) 160971, ¶ 23.

¶ 24    Second, there was an identity as to the causes of action. To make this determination, we must ask whether the causes of action arise from a single group of operative facts. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310 (1998). We find that there is an identity of causes of action as the adjudicated chancery claims, and the negligent misrepresentation claim arise out of the same set of operative facts—that Grzesik provided plaintiffs with a disclosure report indicating that she was not aware of flooding problems and sold plaintiffs a home in which the basement flooded repeatedly. See *id.* at 310.

¶ 25    Finally, there is an identity of parties since the initial action's operative complaint and the subsequent action name the same parties. See *Nelson*, 408 Ill. App. 3d at 61.

¶ 26    Our conclusion is controlled by *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), and *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008). In *Rein*, the plaintiffs' complaint contained counts asking for rescission of their purchase and counts seeking recovery under common law fraud and breach of fiduciary duty. *Rein*, 172 Ill. 2d at 328-29. The circuit court dismissed with prejudice the counts seeking rescission, and the plaintiffs voluntarily dismissed their common law counts. *Id.* at 329-30. After voluntarily dismissing their remaining counts, the plaintiffs filed a second complaint also seeking rescission and recovery under common law fraud and breach of fiduciary duty. *Id.* at 331. The circuit court dismissed the new complaint, finding all counts were barred by *res judicata*. *Id.* at 332.

¶ 27    The supreme court agreed. In its analysis, the court applied the elements of *res judicata* to both the new rescission counts and the new common law counts. As to the new rescission counts, the supreme court found all three elements were satisfied because the circuit court's dismissal with prejudice of the previous rescission counts was a final judgment on the merits and

because the plaintiffs were suing the same defendants based on the same facts. *Id.* at 335-36. As to the new common law claims, the supreme court found that the third element was satisfied since the parties were the same. *Id.* at 338. In determining whether the first element was satisfied, the supreme court explained that even though the plaintiffs' previous common law counts were voluntarily dismissed and never adjudicated on the merits, that fact was not dispositive. *Id.* This was because *res judicata* bars not only claims decided in the first action but also those that could have been decided in that action. *Id.* Thus, if the new common law counts could have been decided in the first action, then the circuit court's dismissal of the previous rescission counts will act as a final judgment barring the new common law counts. *Id.*

¶ 28    To determine whether the new common law counts could have been decided in the first suit, the key question was whether there was an identity of causes of action. *Id.* The court in *Rein* concluded there was an identity of causes of action, thereby satisfying the second element, since the new common law counts and the previous rescission counts arose out of the same set of operative facts; therefore, the final judgment of the previous rescission counts also served as a final judgment for the new common law counts, thereby satisfying the first element. *Id.* at 339.

¶ 29    Further, in *Hudson*, the plaintiffs alleged negligence as well as willful and wanton misconduct. *Hudson*, 228 Ill. 2d at 465-66. The circuit court dismissed with prejudice the negligence claim and continued the case for the willful and wanton misconduct claim. *Id.* at 466. The plaintiffs then voluntarily dismissed the willful and wanton misconduct claim, and after their voluntary dismissal, filed a new action again alleging willful and wanton misconduct. *Id.* The circuit court found that *res judicata* barred the new action. *Id.*

¶ 30    On appeal, the parties disputed whether the first element of *res judicata* was satisfied; the plaintiffs argued that their willful and wanton misconduct claim was never adjudicated on the

merits. *Id.* at 467-68. The *Hudson* court disagreed, finding that *Rein* applied directly to bar the plaintiffs' new willful and wanton misconduct claim. *Id.* at 469. Applying *Rein*, the *Hudson* court found that the circuit court's dismissal with prejudice of the negligence count was a final adjudication on the merits barring every matter determined, and every matter that could have been determined, in that suit. *Hudson*, 228 Ill. 2d at 473-74 (citing *Rein*, 172 Ill. 2d at 337-39). The supreme court concluded that the new willful and wanton misconduct count could have been determined in the first suit since that count and the dismissed negligence count arose out of the same operative facts. *Id.* at 474 (citing *Rein*, 172 Ill. 2d at 337-39).

¶ 31        Similar to the new claims in *Rein* and *Hudson*, plaintiffs' negligent misrepresentation claim is barred, even though it was never adjudicated on the merits, because it could have been decided in the first action. See *Hudson*, 228 Ill. 2d at 474; *Rein*, 172 Ill. 2d at 338-39. Further, plaintiffs' negligent misrepresentation claim could have been decided in the first action because there is an identity of causes of action between plaintiffs' adjudicated chancery claims and plaintiffs' negligent misrepresentation claim; that is, the adjudicated chancery claims, and the negligent misrepresentation claim arise out of the same set of operative facts. See *Hudson*, 228 Ill. 2d at 474; *Rein*, 172 Ill. 2d at 338.

¶ 32        Thus, under *Rein* and *Hudson*, the chancery court's final judgment bars plaintiffs from bringing their negligent misrepresentation claim because it could have been decided in the first action. See *Rein*, 172 Ill. 2d at 336; *Hudson*, 228 Ill. 2d at 474 (citing *Rein*, 172 Ill. 2d at 337-39). Moreover, the chancery court's judgment bars plaintiffs from bringing any claim arising out of the same set of operative facts. See *Richter*, 2016 IL 119518, ¶ 21.

¶ 33        In reaching this conclusion, we have considered plaintiffs' argument that an adverse final judgment on one part of a plaintiff's action must occur *before* the voluntary dismissal of another

part of plaintiff's action. But it is not dispositive that plaintiffs voluntarily dismissed their complaint in the law division prior to the chancery court's final judgment. As stated above, a final judgment on the merits bars subsequent actions between the same parties involving the same cause of action. *Richter*, 2016 IL 119518, ¶ 21. Moreover, the refiling of a voluntarily dismissed claim is an entirely new action. *Hudson*, 228 Ill. 2d at 469, 474 n.3 (citing *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503-04 (1997)). Here, when plaintiffs voluntarily dismissed their complaint in the law division and then received a final judgment in chancery court, that judgment barred plaintiffs' subsequent negligent misrepresentation claim because it was a new action between the same parties involving the same cause of action; thus, the fact that plaintiffs voluntarily dismissed their claims in the law division prior to receiving a final judgment does not change the result. See *Richter*, 2016 IL 119518, ¶ 21; *Hudson*, 228 Ill. 2d at 469, 474 n.3 (citing *Dubina*, 178 Ill. 2d at 503-04).

¶ 34    As further support for their argument, plaintiffs cite to *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, and *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887 (2009). But neither case supports plaintiffs' argument. In *Ward*, the supreme court concluded that *res judicata* did not apply because the circuit court dismissed the plaintiff's original, first amended, and second amended complaints "without prejudice." *Ward*, 2019 IL 123937 ¶ 48 (quoting *Richter*, 2016 IL 119518, ¶¶ 24-25). Further, in *Piagentini*, this court found that *res judicata* did not apply because the circuit court's partial summary judgment as to the plaintiffs' complaint did not dismiss any count entirely and gave leave to replead. *Piagentini*, 387 Ill. App. 3d at 893. *Ward* and *Piagentini* are inapplicable because both concluded that there was no final judgment on the merits, whereas here, there was a final judgment on the merits barring plaintiffs' negligent misrepresentation claim. See *Richter*, 2016 IL 119518, ¶ 21; *Rein*, 172 Ill. 2d at 336.

¶ 35    Plaintiffs also argue that their negligent misrepresentation claim was dismissed by the chancery court for lack of subject matter jurisdiction, and therefore, *res judicata* does not apply. In support, plaintiffs cite *Nowak v. St. Rita High School*, 197 Ill. 2d 381 (2001). There, the plaintiff brought a federal claim and a state claim in federal court, and the federal court granted summary judgment on the federal claim and declined to exercise jurisdiction over the state claim. *Id.* at 385. Then, in state court, the plaintiff filed his state claim, which the state court dismissed. *Id.* at 387. On appeal, the supreme court in *Nowak* rejected the defendant's argument that *res judicata* barred the plaintiff's state claim because it was already alleged in federal court. *Id.* at 392. As to the state claim, the supreme court concluded that a dismissal for lack of subject matter jurisdiction was not a final adjudication on the merits and that "plaintiff did not get his day in court." *Id. Nowak* is distinguishable because in this case there was a final adjudication on the merits. *Id.* Furthermore, plaintiffs did get their day in court—they could have pursued their negligent misrepresentation claim in the law division but voluntarily dismissed the claim. See *id.*

¶ 36    In further support, plaintiffs cite to *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 77 Ill. App. 3d 518, 525 (1979), but they fail to explain how *Rotogravure* supports their contention that *res judicata* does not apply. See *Rotogravure Service, Inc.*, 77 Ill. App. 3d at 525; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 37    Next, plaintiffs argue that "*res judicata* still is inapplicable where plaintiffs could not have obtained the same relief of legal damages in the prior action in any event once they pursued and received the rescission award." Plaintiffs then cite to both *Newton v. Aitken*, 260 Ill. App. 3d 717, 720 (1994), and *Herrington v. McCoy*, 105 Ill. App. 3d 527, 531 (1982), for their proposition that "a remedy based on a theory of disaffirmance of a contract (rescission) is inconsistent with a remedy arising out of its affirmance (*e.g.*, damages)." Plaintiffs apparently

argue that *res judicata* does not apply because they could not pursue inconsistent remedies. Although it is true that rescission and damages are inconsistent remedies, plaintiffs fail to explain how this fact precludes *res judicata*. See *Newton*, 260 Ill. App. 3d at 720; *Herrington*, 105 Ill. App. 3d at 531; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 38    In sum, we conclude that plaintiffs' negligent misrepresentation claim is barred by the doctrine of *res judicata* and therefore affirm the circuit court's judgment dismissing plaintiffs' complaint.  Because we affirm the circuit court's judgment dismissing the complaint, we need not address plaintiff's additional arguments as to their partial motion for summary judgment and motion to reconsider. See *Brazier*, 2019 IL App (1st) 190078, ¶ 13.

¶ 39                                   CONCLUSION

¶ 40    For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

¶ 41    Affirmed.